CAMPBELL, Judge.
Appellant, Karen Chilton, challenges the summary judgment entered in favor of appel-lee, Atlanta Casualty Company. We affirm.
Chilton applied for an automobile insurance policy with Atlanta Casualty on October 16, 1991. At that time, she wrote a check to Atlanta Casualty for the initial premium, and signed the policy application. The policy application contained the following language: “I agree that if my downpayment or full payment check is returned by the bank be-' cause of nonsufficient funds, coverage will be null and void from inception.” Subsequently, Atlanta Casualty issued a policy of insurance to Chilton and sent her insurance identification cards. The effective date stated in the policy was October 19, 1991.
The check Chilton submitted with her application was rejected by her bank on October 25, 1991, due to insufficient funds. On November 5, 1991, Atlanta Casualty sent Chilton a letter stating: “However, since there has been no payment by virtue of their check having been returned and therefore no consideration for the policy contract, there has been no insurance in effect since the date and time of the original application/renewal.”
Two days later, on November 7,1991, Chil-ton was involved in an automobile accident from which she suffered medical expenses and lost wages as a result of her injuries. Several days later, Chilton received the notice from Atlanta Casualty dated November 5, 1991, stating that her policy was null and void due to the return of her premium check.
Chilton thereafter filed suit for payment of personal injury protection benefits under the terms of the policy. Atlanta Casualty moved for and was granted summary judgment on the basis that no contractual obligation under the policy was ever consummated due to the failure of consideration according to the policy terms.
Chilton argues that summary judgment was improperly granted since Atlanta Casualty failed to comply with section 627.728, Florida Statutes (1991), which requires that ten days notice or warning be given before any policy of insurance is cancelled. Atlanta Casualty’s position is that Florida Statute 627.728 does not apply in a situation where the policy application specifically so provides and the nonpayment of premium is for the payment of the initial premium.
The policy application in this case contains language stating that the policy would be void from the inception date if the initial payment of premium was not made or if the check was returned for insufficient funds. In her deposition, Chilton acknowledged that she understood the effect of that policy application provision. We agree that the notice of cancellation provisions of section 627.728 do not apply to the circumstances of this case where the notice of cancellation is based upon the failure of the consideration for the initial premium, and the policy application specifically provides that it is ineffective and null and void if the initial premium is not successfully paid.
To hold otherwise would be to require insurance companies to provide insurance coverage without any consideration during the initial policy period.
Affirmed.
RYDER, A.C.J., and QUINCE, J., concur.