STONE, J.
We reverse a final summary judgment entered in favor of the insurer, Hanover, in this suit claiming insurance coverage for a boat. Hanover denies receipt of the initial premium and asserts that the policy became void prior to the date of Appellants’ loss. The insureds claim that the premium’ was placed in the mail one day prior to the due date.
The Appellants purchased the boat on May 10, 1997. The declaration page of the insurance policy provided that the premium was due on May 23, 1997, and more specifically provided, in a box titled important instructions, “Premium payment must be postmarked by the ‘Premium Due Date’ as shown in Block One (1) or the policy will be voided effective the date shown in the ‘Non-Payment Voidance Date’ Block Two (2).” Block two provides that the nonpayment voidance date is May 10, 1997.
When Appellants’ boat was stolen in June 1997, they asserted a claim against the insurance company which was denied. They filed suit against Hanover for coverage. Hanover’s defenses included assertions of non-payment, a recitation of the above provisions of the declaration page of the policy, and its claim that this action is barred because the insureds did not postmark the premium by May 23, 1997, as required by the policy terms.
The depositions and affidavit of Mrs. Brown and the service manager raise an issue of material fact as to timely placement of the initial premium in the mail. Janice Brown testified in deposition and by affidavit that she wrote the check for the initial premium, but it never cleared her bank. She stated that she mailed the check by regular mail on May 22, 1997, by placing it in her home mailbox, and that she put the flag up to indicate outgoing mail. Although Mrs. Brown at one point indicated that she had no specific recollection of placing the check into her mailbox, she believed that she followed this procedure in this case. Mrs. Brown was aware that the premium payment needed to be postmarked by May 23rd. The only supporting evidence Mrs. Brown could produce was her computerized check registry. Mrs. Brown admitted that it is possible to enter a check into the registry that had not been written, but denied she had done so in this case.
*659 The insureds also submitted the deposition testimony of the customer service manager for the postal service. He stated that there is a ninety five percent chance that mail placed in a residential mailbox and brought in by the carrier would be postmarked that night.
We have considered Chilton v. Atlanta Cas. Co., 651 So.2d 190 (Fla. 2d DCA 1995), where a policy document provided that it would be “ineffective and null and void if the initial premium is not successfully paid,” but deem it inapposite, as it was undisputed in that case that the initial premium check was not honored and was returned for insufficient funds.
Accordingly, we conclude that Hanover has failed to meet its burden of demonstrating that there is no issue of material fact and remand for further proceedings. See Holl v. Talcott, 191 So.2d 40 (Fla.1966).
WARNER, C.J. and STEVENSON, J., concur.